**CHIZ'S MOTEL AND RESTAURANT, INC., Plaintiff-Appellant,**

v.

**MISSISSIPPI STATE TAX COMMISSION, A.C. Lambert, Sr., Chairman and Commissioner of Revenue, H. Latrelle Ashley, Associate Commissioner, and Robert A. Baggerr, Associate Commissioner, Defendants-Appellees.**

No. 83–4787.

United States Court of Appeals, Fifth Circuit.

Jan. 21, 1985.

Watkins, Ludlam & Stennis, John H. Holloman, III, Jackson, Miss., for plaintiff-appellant.

Bobby R. Long, James S. Pounds, Jackson, Miss., for defendants-appellees.

Before GEE, POLITZ and HIGGINBOTHAM, Circuit Judges.

GEE, Circuit Judge:

Chiz's Motel and Restaurant (CMR) brought this action contesting the decision of the Mississippi State Tax Commission (the "Commission") rescinding its previous classification of CMR's property as a resort area. The district court referred the case to a magistrate, who granted summary judgment for the Commission. We affirm.

### I.

CMR owned and operated a restaurant, motel and lounge in Lee County, Mississippi. In 1975 the Commission declared the property on which CMR is located to be a resort area, thus enabling CMR to qualify to serve alcoholic beverages. In 1981 the Lee County Board of Supervisors requested the Commission to hold a full administrative hearing to reconsider whether CMR's property qualified as a resort within the context of the Mississippi Local Option Alcoholic Beverage Laws, Miss.Code Ann. §§ 67–1–1 to –91 (1972 & Supp.1984). The Commission notified CMR that a hearing would be held and that the Commission would consider whether to renew CMR's on-premises retailer's permit, which was due to expire shortly.

The Commission conducted the requested hearing later in the year. CMR was present with counsel and had the opportunity to present evidence and cross-examine witnesses. After the hearing, the Commission rescinded CMR's resort-area classification. The Commission also decided not to renew CMR's retailer's permit and provided CMR with an opportunity to present

further evidence in this regard. Instead of presenting additional evidence or otherwise appealing through the Mississippi administrative process,[1] however, CMR brought this action in federal court under 42 U.S.C. § 1983 against the Commission and its members, seeking damages and injunctive relief.

The district court for the Southern District of Mississippi initially granted a temporary restraining order against the Commission, but ultimately refused to grant a preliminary injunction. On interlocutory appeal, we affirmed the district court's decision. 680 F.2d 1387 (5th Cir.1982). With the parties' consent, the district court then referred the case to a magistrate, who granted the Commission's motion for summary judgment after conducting a pretrial conference and reading the parties' briefs. CMR appeals from the magistrate's decision.

### II.

CMR contends that it was denied procedural due process at the hearing before the Commission because Lee County officials had spoken against it at previous ex parte meetings with Commission members. We do not reach the merits of this contention, however, because we hold that the eleventh amendment and the doctrines of sovereign immunity and quasi-judicial immunity bar CMR's action in federal court.

### A. Eleventh Amendment

■ The eleventh amendment to the United States Constitution provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of Another State, or by Citizens or Subjects of any Foreign State." The eleventh amendment restricts the federal judicial power by limiting claims by private persons against a state. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). In addition to the immunity of

states from suits by citizens of other states that the language of the amendment sets forth, the Supreme Court has developed several principles that further define the amendment's applicability. First, eleventh amendment immunity bars suits against a state by its own citizens as well as by citizens of other states. *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). Second, the immunity from suit extends to state agencies, officials, and employees. *Pennhurst State School and Hospital v. Halderman,* — U.S. —, —, 104 S.Ct. 900, 908, 79 L.Ed.2d 67, 78 (1984). Finally, eleventh amendment immunity obtains unless a federally created right is at issue or a state has either consented to suit in federal court or waived the application of the amendment. *Parden v. Terminal Railroad Co.,* 377 U.S. 184, 186, 84 S.Ct. 1207, 1209, 12 L.Ed.2d 233, 236 (1964).

■ Applying these principles to the facts of this case, because CMR seeks monetary damages and an injunction that would operate retroactively, we concluded that the eleventh amendment bars CMR's action in federal court. Further, when the application of state law is involved, the Supreme Court has now held that the eleventh amendment immunity jurisdictional bar applies to state agencies and officials acting in their official capacity regardless of the relief the plaintiff seeks. *Pennhurst,* — U.S. at —, 104 S.Ct. at 908, 79 L.Ed.2d at 78; *Cory v. White,* 457 U.S. 85, 91, 102 S.Ct. 2325, 2331, 72 L.Ed.2d 694, 699–700 (1982).

CMR argues that its action comes within the exception to a state's eleventh amendment immunity recognized by the Supreme Court in *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). In *Young* the Court held that the eleventh amendment did not forbid a federal court to issue an injunction to prevent the Attorney General of Minnesota from bringing suit to enforce an allegedly unconstitutional stat-

---

1. CMR filed an appeal of the Commission's decision in the chancery court of Lee County, but later abandoned this effort.

**1308**

ute. CMR argues that under *Young* a federal court may exercise equitable jurisdiction over state officials sued as nominal defendants.

■ We disagree. The Supreme Court has consistently construed the *Young* exception narrowly. *See Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 31 L.Ed.2d 662 (1974). Moreover, as the Court reaffirmed in *Pennhurst*, the *Young* exception serves only to permit a federal court to grant *prospective* injunctive relief; federal courts remain barred under the eleventh amendment from granting legal or equitable *retroactive* relief. *Pennhurst*, —— U.S. at ——, 104 S.Ct. at 909–10, 79 L.Ed.2d at 79–80.

*B. Sovereign and Quasi-Judicial Immunity*

■ Even if the eleventh amendment did not bar CMR's action in federal court, CMR would still be unable to maintain this action because of the doctrines of sovereign and quasi-judicial immunity. Although Mississippi has partially abolished its judicially created sovereign immunity, *Pruett v. City of Rosedale*, 421 So.2d 1046 (Miss.1982), legislative, judicial, and executive acts by individuals acting in their official capacities are still entitled to immunity. The Commission officials in this case who decided to revoke CMR's resort-area classification and not to renew CMR's liquor license were performing discretionary acts within their official capacity and therefore come within the scope of Mississippi's sovereign immunity. *See Karpovs v. Mississippi*, 663 F.2d 640, 643 (5th Cir.1981).

■ The doctrine of quasi-judicial immunity also insulates the Commission and its members from liability in this case. Because the Commission officials' actions regarding CMR were essentially judicial in nature, the officials are entitled to quasi-judicial immunity from suit. *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). *See also National Surety Co. v. Miller*, 155 Miss. 115, 124 So. 251 (1929). For the foregoing reasons, the magistrate's entry of summary judgment

for the Commission and its members was correct and is

AFFIRMED.